UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JONATHAN RAMOS | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 19-11202 |
| | * | |
| IRON MOUNTAIN SECURE SHREDDING INC., ET AL. | * | SECTION: "F" (4) |
| | * | |
| | * | |

**IRON MOUNTAIN INFORMATION MANAGEMENT LLC'S FIRST AMENDING ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Iron Mountain Information Management LLC ("Iron Mountain") amends its Answer and Defenses to Plaintiff Complaint [1] ("Original Answer") with the statements below:

A. Iron Mountain amends its Original Answer to include:

## VIII.

## CROSSCLAIM

### Jurisdiction

24. The Court has jurisdiction of this crossclaim under 28 U.S.C. §1367(a) because it arises out of the same transaction and occurrence alleged in the plaintiff's complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

---

[1] R. Doc. 4.

**Crossdefendant**

25.     Hammerhead LLC is a California Limited Liability Company that can be served through Member Jeffrey Andrews at 18952 Macarthur Blvd, Suite 460, Irvine, CA, 92614.

26.     Iron Mountain contracted with Hammerhead LLC to remove the racks in its New Orleans, and Hammerhead LLC subcontracted the rack removal to Rackmasters Inc.

**Specific Performance**

27.     The relevant contract between Iron Mountain and Hammerhead LLC ("Contract") took effect on February 13, 2017 and remained in full force and effect through June 15, 2018—the date of the sued-upon accident.

28.     On June 15, 2019, Plaintiff filed this lawsuit against Iron Mountain for damages from his accident.

29.     On August 1, 2019, Iron Mountain demanded that Hammerhead LLC accept the defense and indemnity of Iron Mountain in this lawsuit.

30.     On October 8, 2019, Iron Mountain again demanded that Hammerhead LLC accept the defense and indemnity of Iron Mountain in this lawsuit.

31.     Section 17.01 of the Contract obligated Hammerhead LLC to purchase certain insurance coverages and to name Iron Mountain as an additional insured under the General Liability coverage.

32.     Section 15.01 of the Contract obligated Hammerhead LLC to fully defend, indemnify, and hold harmless Iron Mountain from any claims, losses, or both claims and losses alleging or arising from:

    a. Breach or non-fulfillment of any provision of the Contract by Hammerhead LLC or its Personnel;[2]

    b. Any negligence by Hammerhead LLC or its Personnel—including recklessness or willful misconduct—in connection with performance of its obligations under the Contract;

    c. Any personal injuries or property damage caused by Hammerhead LLC or its Personnel;

    d. Any failure by Hammerhead LLC or its Personnel to comply with any applicable Laws.[3]

33. Hammerhead LLC has not performed its obligations under Section 15.01 of the Contract despite proper notice and demand for performance.

34. Because of Hammerhead LLC's failure to perform, Iron Mountain must seek judicial enforcement of the Contract.

35. Iron Mountain is entitled to Hammerhead LLC's specific performance of Section 15.01 of the Contract including, without limitation, Hammerhead LLC:

    a. Defending, indemnifying, and holding harmless Iron Mountain from Plaintiff's claims in this lawsuit and any resulting liability;

    b. Indemnifying Iron Mountain for its reasonable attorneys' fees incurred in its defense of this lawsuit;

---

[2] The Contract defines Personnel as "agents, employees, or subcontractors engaged or appointed by [a] Party."

[3] The Contract defines Law as "any statute, law, ordinance, regulation, rule, code, Constitution, Treaty, Common Law, Government Order, or other requirement or rule of law of any Governmental Authority."

    c. Indemnifying Iron Mountain for its reasonable attorneys' fees incurred in enforcing Section 15.01 of the Contract.

  B. Iron Mountain realleges and incorporates all other allegations of its original Answer and Defenses to Plaintiff's Complaint by reference as if reproduced below in their entirety.

Iron Mountain prays:

a. That Plaintiff take nothing by his Complaint in this action and that Judgment on that Complaint be entered for Iron Mountain.

b. That Hammerhead LLC be ordered to specifically perform its obligations under the Contract.

c. For all other relief to which Iron Mountain may be justly entitled.

Respectfully submitted by,

*/s/ Sarah R. Smith*

_____
SARAH R. SMITH (#30963)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Tel:  (713) 659-6767
Fax:  (713) 504-3341
MICHAEL L. BARRAS (#30855)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
100 East Vermilion Street, Suite 300
Lafayette, Louisiana 70501
Tel:  (337) 326-5777
Fax:  (337) 759-6830
sarah.smith@lewisbrisbois.com
michael.barras@lewisbrisbois.com
*Counsel for Iron Mountain Information Management LLC*

**Certificate**

I certify that a copy of this *Iron Mountain Information Management's First Amended Answer* was delivered to all counsel of record and unrepresented parties by the Court's CM/ECF filing system:

Lafayette, Louisiana, this 14th day of September 2020.

*/s/ Sarah R. Smith*
_____
Sarah R. Smith