UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JONATHAN RAMOS | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 2:19-CV-11202 |
| | * | |
| IRON MOUNTAIN SECURE SHREDDING INC., ET AL. | * | SECTION: "F" (4) |
| | * | |
| | * | |

## WITNESS AND EXHIBIT LISTS
## OF IRON MOUNTAIN INFORMATION MANAGEMENT LLC

NOW COMES Defendant, Iron Mountain Information Management LLC ("Iron Mountain"), through undersigned counsel, and submits its preliminary witness and exhibit lists in the captioned matter.

Discovery in this case is not complete. The witness and exhibit designations herein do not include witnesses and exhibits that may be necessary after other discovery. Defendant reserves the right to remove any witness or exhibit from the designations. Defendant also reserves the right to supplement these lists and to add additional witnesses, including expert witnesses, and any exhibits in response to any designations made or further information provided by Plaintiff or any other party. These lists are submitted with a full reservation of rights to supplement and revise as discovery continues.

### WITNESS LIST

The following witnesses may be called by Iron Mountain to testify at the trial of this matter:

1. Jonathan Ramos, Plaintiff;

2. Glen Thomas, in his capacity as a fact witness and employee/foreman of RackMasters;

3. Mark Martinez, fact witness/employee of RackMasters;

4. Martel Brignac, fact witness/employee;

5. Allen Goldsmith, fact witness/employee;

6. Sean Simms, fact witness/employee;

7. A representative of RackMasters, about its work and/or about its contract with Hammerhead LLC;

8. A representative of Hammerhead LLC, about its contract with RackMasters;

9. A representative of Adecco, as necessary about the employment of Plaintiff Ramos;

10. A representative of Iron Mountain, as necessary for the presentation of any defense of Iron Mountain as a defendant party;

11. Dr. Roland Winter, about his treatment of Plaintiff at any time;

12. Dr. Gary Alegre, about his treatment of Plaintiff at any time;

13. Dr. Michael Ali, about his treatment of Plaintiff at any time;

14. Any and all providers at UMC who treated Plaintiff at any time;

15. Any and all providers at Trinity Urgent Care who treated Plaintiff at any time;

16. Any and all providers at Select Physical Therapy who treated Plaintiff at any time;

17. Any and all providers at Alpine Orthopaedic Group who treated Plaintiff at any time;

18. Any and all providers at Pine Street Physical Therapy who treated Plaintiff at any time;

19. Any and all providers at Valley MRI who treated Plaintiff at any time;

20. Any and all providers at St. Joseph's Medical Center who treated Plaintiff at any time;

21. Any and all healthcare providers who may have rendered treatment to Plaintiff before and/or after the alleged accident made the basis of this litigation, regarding their treatment of Plaintiff;

22. Dr. David W. Aiken, Jr., M.D., within his fields of medical specialty and expertise that arise and/or are presented at trial;

23. Any physician that performed an independent medical examination of Plaintiff and/or independent review of medical records of Plaintiff, at any time, regarding his/her qualifications, examination and evaluation of Plaintiff;

24. Mr. Adam Cook, P.E., of EPI Materials Testing Group;

25. An expert economist to opine on Plaintiff's assessment of alleged damages, if any;

26. Any expert required for rebuttal of any claim by Plaintiff;

27. Any witness necessary for impeachment;

28. Any witness listed or called by any other party;

29. Any witness identified through discovery;

30. Any witness necessary to authenticate any documents which may be introduced at trial;

31. A representative of any and all employers of Plaintiff before, at the time of, and after the alleged accident made the basis of this litigation, regarding Plaintiff's employment;

32. A representative of any and all insurance companies against whom Plaintiff has filed any prior and/or subsequent claims, regarding any policy of insurance issued that is relevant to this case and/or any settlement of any claims relevant to this case; and

33. Any previous attorney or agent of Plaintiff for any of Plaintiff's prior lawsuits or claims, regarding those lawsuits or claims.

## **EXHIBIT LIST**

Defendant, Iron Mountain, may offer into evidence:

1. Photographs of the scene of Plaintiff's alleged accident and/or any and all persons involved in the subject accident;

4895-6905-1676.1

2. Copies of any and all documents produced by Plaintiff and/or his representative(s);

3. A copy of any report prepared about the subject accident;

4. OSHA Inspection Report and attachments, including but not limited to any photographs and/or diagrams attached to the report;

5. Any and all statements made by any employee/fact witness(es) to OSHA/for any OSHA investigation or assessment;

6. US Dept of Labor Notification of Penalty to RackMasters;

7. Any written or recorded statements taken from any person involved in or knowledgeable of the subject the litigation;

8. Any correspondence relating to the subject matter of Plaintiff's above-captioned suit;

9. Iron Mountain Information Management Master Sale of Goods Agreement;

10. May 21, 2018 Hammerhead Letter and attachments;

11. Iron Mountain property lease documents, schedules, attachments, and amendments;

12. Iron Mountain rental logs;

13. Any and all written contracts and agreements between Hammerhead and Iron Mountain;

14. Any and all written contracts and agreements between Hammerhead and RackMasters;

15. Any and all written contracts and agreements between RackMasters and Adecco;

16. Copies of any and all contracts produced in discovery in the captioned case;

17. Copies of any and all records of Plaintiff's treatment by Dr. Roland Winter;

18. Copies of any and all records of Plaintiff's treatment by Dr. Gary Alegre;

19. Copies of any and all records of UMC about Plaintiff's treatment;

20. Copies of any and all records of Trinity Urgent Care about Plaintiff's treatment;

21. Copies of any and all records of Select Physical Therapy about Plaintiff's treatment;

22. Copies of any and all records of Alpine Orthopaedic Group about Plaintiff's treatment;

23. Copies of any and all records of Pine Street Physical Therapy about Plaintiff's treatment;

24. Copies of any and all records of Valley MRI about Plaintiff's treatment;

25. Copies of any and all records of St. Joseph's Medical Center about Plaintiff's treatment;

26. Any expert reports which may be prepared in association with this litigation;

27. Any recordings, records, documents, photographs, videos, charts, or diagrams relating to the subject of the litigation;

28. Any record, log, memorandum, or documents relating to the subject of Plaintiff's above-captioned suit;

29. Any and all medical records and/or records of treatment by any healthcare provider of Plaintiff;

30. Expert reports to oppose or rebut Plaintiff's witnesses presented as experts including any witnesses Plaintiff(s) has not yet named or provided;

31. Plaintiff's employee file(s) from all employers before, at the time of, and after the accident made the basis of this litigation;

4895-6905-1676.1

32. A copy of any insurance policy deemed relevant to the subject case;

33. Any records of lawsuits and formal claims by or involving Plaintiff;

34. Any discovery responses of parties to this litigation including any attachments;

35. Any exhibits necessary for impeachment;

36. Any evidence identified through discovery in this litigation;

37. Any exhibits identified by any other party;

38. Plaintiff's prior and subsequent incident and accident reports, information, including, but not limited to claims files, pleadings, discovery, depositions, medical records, reports and findings;

39. Copies of any and all federal, state, local, and administrative rules, statutes, or guidelines, applicable to any and all of Plaintiff's allegations in the above-captioned suit;

40. Any and all pleadings filed, served, or exchanged by any party in connection with the above-captioned lawsuit; and

41. Any and all depositions taken by any party, with exhibits.

Defendant reserves the right to supplement and amend the foregoing lists as discovery is ongoing.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/     Sarah R. Smith*
SARAH R. SMITH, T.A. (La. 30963)
24 Greenway Plaza, Ste. 1400
Houston, TX 77046
Tel. 713-659-6767
Fax 713-759-6830
sarah.smith@lewisbrisbois.com

and

4895-6905-1676.1

        RACHAL CHANCE KRAMAR (La. 31358)
        400 Poydras St., Ste. 1300
        New Orleans, LA 70130
        Tel. 504-322-4100
        Fax 504-754-7569
        rachal.kramar@lewisbrisbois.com

        *Attorneys for Iron Mountain Information Management LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument has been served on the following counsel of record on this the 18th day of April 2022 through the CM/ECF service.

        */s/ Sarah R. Smith*
        Sarah R. Smith