**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PRE-TRIAL NOTICE**

**IT IS ORDERED** that a Pre-trial Conference will be held in chambers before Judge Eldon E. Fallon, Section "L," in this case on the date and time indicated on the attached scheduling order.

The purpose of the Pre-trial Conference is to secure a just and speedy determination of the issues. If the type of pre-trial order set forth below does not appear calculated to achieve these ends in this case, please arrange a conference with the Judge and opposing counsel immediately so that alternative possibilities may be discussed.

The procedure necessary for the preparation of the formal pre-trial order that will be reviewed and entered at this conference is as follows:

I.

The pre-trial order **must be electronically filed by 4:30 p.m.** on a day that allows two full working days prior to the conference, excluding Saturdays, Sundays and holidays (e.g., if the conference is set for 10:00 a.m. Friday, it must be filed by 4:30 p.m. Tuesday. If the conference is set on Monday, the pre-trial order must be filed by 4:30 p.m. on Wednesday). One hard copy of the pre-trial order must also be provided to the Court at this time. The proposed pre-trial order shall bear electronic signatures of all counsel at the time it is electronically filed with the Court. Following the pre-trial conference, the Court will issue a minute entry which, inter alia, will APPROVE and ADOPT the pre-trial order, either in its entirety or with specified modifications.

II.

Counsel for all parties shall confer in person (face to face) or by telephone at their earliest convenience for the purpose of arriving at all possible stipulations and for the exchange of copies of documents that will be offered in evidence at the trial. It shall be the duty of counsel for plaintiff to initiate this conference, and the duty of other counsel to respond. If, after reasonable effort, any party cannot obtain the cooperation of other counsel, it shall be the duty of that party to communicate immediately with the Court. The conference of counsel shall be held at least ten days prior to the date of the scheduled Pre-trial Conference in order for counsel for all parties can furnish each other with a statement of the real issues to which each party will offer evidence in support, eliminating any issues that might appear in the pleadings about which there is no real controversy, and including in such statement issues of law as well as ultimate issues of fact from the standpoint of each party. Counsel for plaintiff then shall prepare a pre-trial order and submit it to opposing counsel, after which all counsel jointly shall file the final draft of the proposed pre-trial order with the Court.

III.

At their meeting, counsel **must** consider the following:

A. **Jurisdiction.** Since jurisdiction may not ever be conferred by consent and since prescription or statutes of limitations may bar a new action if the case or any ancillary demand is dismissed for lack of jurisdiction, counsel should make a reasonable effort to ascertain that the Court has jurisdiction.

B. **Parties.** Correctness of identity of legal entities; necessity for appointment of tutor, guardian, administrator, executor, etc., and validity of appointment if already made; correctness of designation of party as partnership, corporation or individual d/b/a trade name.

C. **Joinder.** Questions of misjoinder or nonjoinder of parties.

IV.

At the Pre-trial Conference counsel must be fully authorized and prepared to discuss settlement possibilities with the Court. Counsel are urged to discuss the possibility of settlement with each other thoroughly before undertaking the extensive labor of preparing the proposed pre-trial order. Save your time, the Court's time, and the client's time and money.

V.

The Pre-trial Conference **must** be attended by the lead attorneys who will try the case (**see Local Rule 11.2**), unless prior to the conference the Court grants permission for other counsel to attend. These attorneys will familiarize themselves with the pre-trial rules and will come to the conference with full authority to accomplish the purposes of Rule 16 of the Federal Rules of Civil Procedure.

VI.

Pre-trial Conferences will not be continued except for good cause shown in a **written** motion presented sufficiently in advance of the conference for opposing counsel to be notified.

VII.

Failure on the part of counsel to appear at the conference may result in **sanctions**, including but not limited to sua sponte dismissal of the suit, assessment of costs and attorney fees, default or other appropriate sanctions.

VIII.

All pending motions and all special issues or defenses raised in the pleadings must be called to the Court's attention in the pre-trial order.

IX.

The pre-trial order shall bear the signatures of all counsel at the time it is filed with the Court; the pre-trial order shall contain an appropriate signature space for the Judge. Following the Pre-trial Conference, if the Court approves the order, a signed copy of the order shall be filed into the record. The order shall set forth:

1. The date of the Pre-trial Conference.

2. The appearance of counsel identifying the party(s) represented.

3. A description of the parties, and in cases of insurance carriers, their insured must be identified. The legal relationships of all parties with reference to the claims, counterclaims, third-party claims and cross claims, etc.

4. a. With respect to jurisdiction, a brief summary of the factual basis supporting each claim asserted, whether original claim, counterclaim or third-party claim, etc., and, the legal and jurisdictional basis for each such claim, or if contested, the jurisdictional questions;

    b. In diversity damage suits, there is authority for dismissing the action, either before or after trial, where it appears that the damages reasonably could not come within the jurisdictional limitation. Therefore, the proposed pre-trial order in such cases shall contain either a stipulation that $75,000 is involved or a listing of the evidence supporting the claim that such sum reasonably could be awarded.

5. A list and description of any motions pending or contemplated and any special issues appropriate for determination in advance of trial on the merits. If the Court at any prior hearing has indicated that it would decide certain matters at the time of pre-trial, a brief summary of those matters and the position of each party with respect thereto should be included in the pre-trial order.

6. A brief summary of the material facts claimed by:

    a. Plaintiff
    b. Defendant
    c. Other parties.

7. A **single listing** of all uncontested material facts.

8. A **single listing** of the contested issues of fact. (This does not mean that counsel must **concur** in a statement of the issues; it simply means that they must list in a single list all issues of fact.) Where applicable, particularities concerning the following fact issues shall be set forth:

3

    a.    Whenever there is an issue as to the seaworthiness of a vessel or an alleged unsafe condition of property, the material facts and circumstances relied upon to establish the claimed unseaworthy or unsafe condition shall be specified with particularity;

    b.    Whenever there is an issue with respect to negligence of the defendant or the contributory or comparative negligence of the plaintiff, the material facts and circumstances relied upon to establish the claimed negligence shall be specified with particularity;

    c.    Whenever personal injuries are at issue, the nature and extent of the injuries and of any alleged disability shall be specified with particularity;

    d.    Whenever the alleged breach of a contractual obligation is an issue, the act or omissions relied upon as constituting the claimed breach shall be specified with particularity;

    e.    Whenever the meaning of a contract or other writing is an issue, all facts and circumstances surrounding execution and subsequent to execution, both those admitted and those in issue, which each party contends serve to aid interpretation, shall be specified with particularity;

    f.    Whenever duress or fraud or mistake is an issue, and set forth in the pleadings, the facts and circumstances relied upon as constituting the claimed duress or fraud or mistake (see Fed. R. Civ. P. 9(b)) shall also be set forth in the pre-trial order;

    g.    If special damages are sought, they shall be itemized with particularity. (See Fed. R. Civ. P. 9(g));

    h.    If a conspiracy is charged, the details of facts constituting the conspiracy shall be particularized.

9.    A **single listing** of the contested issues of law. (See explanation in 8 above.)

10.    For each party, a list and description of **Bates numbered exhibits** intended to be introduced at the trial and those intended to be used as demonstrative exhibits during the presentation of testimony. Prior to the confection of the pre-trial order, the parties shall meet and exchange copies of all exhibits. The parties shall attempt in good faith to agree as to their authenticity and relevancy.

    a.    Each list shall note the exhibits that are to be admitted without objection and those to which there will be objection, listing which party or parties make the objection and the nature of the objection. As to any exhibits to which the parties cannot agree, written objections shall be filed no later than

        **4:30 p.m. five working days prior to trial.** Each objection must identify the relevant objected-to exhibit by the number assigned to the exhibit in the joint bench book(s) described in Section 10.d below. Written objections must be accompanied by a memorandum containing legal authority in support of each objection. Responses to objections to exhibits shall be filed no later than **4:30 p.m. three working days before trial.** Responses must contain legal authority pertaining to every objection.

b.    If a party considers he has good cause not to disclose exhibits to be used solely for the purpose of impeachment, he shall exparte request a conference with the Court and make his position known to the Court in camera.

c.    Where appropriate to preserve trade secrets or privileges, the listing of exhibits may be made subject to a protective order or in such other fashion as the Court may direct. If there are such exhibits, the pre-trial order shall state: "The parties shall discuss exhibits alleged to be privileged (or to contain trade secrets, etc.) at the Pre-trial Conference."

d.    In addition to the formal list of exhibits, counsel shall prepare copies for opposing counsel and a **joint** bench book (or bench books) of **consecutively-numbered tabbed exhibits in a binder** delivered to the Court **by 4:30 p.m. five working days** prior to trial. Counsel must submit **one copy** of the joint bench book(s). Each bench book should include a cover sheet on the front of the binder as well as a label on the spine of the binder with the case caption and which exhibits are included in each binder. The bench book(s) shall include an index of "unobjected-to" exhibits and an index of "objected-to" exhibits. The indices shall identify which party will offer each exhibit and which witness(es) will testify regarding each exhibit at trial.

e.    Each counsel shall bring to Court, on the day of trial a final list of exhibits, properly marked for identification, which he or she desires to use at trial. Unless otherwise ordered by the Court, only exhibits properly identified on the exhibit list and/or for which memoranda have been filed, shall be included for use at trial.

f.    For jury trials, each counsel shall also bring to Court on the day of trial, a flash drive containing the final list of exhibits, properly marked for identification. **This flash drive shall be submitted to the case manager at the outset of the trial.**

g.    In addition, each counsel shall also bring to Court on the day of trial a <u>set of the exhibits</u>, properly marked for identification, which counsel intends to offer into evidence. Alternatively, the courtroom is equipped with an Electronic Evidence Presentation Podium which contains a document camera (ELMO), VGA and HDMI inputs for multiple laptop computers, and

a data projector, all of which may be used to display exhibits. The courtroom is also equipped with a large pull-down screen. Counsel may make annotations on the display screen at the podium and the witness may also make annotations at the witness stand. Counsel are instructed to contact the Case Manager at 504-589-7686 to schedule a brief training session on the use of this equipment during the week immediately prior to trial.

11. A list of all deposition testimony that each party intends to offer into evidence at trial; furthermore:

    a. The parties shall, prior to trial, meet and agree as to the elimination of all irrelevant and repetitive matter and all colloquy between counsel. In addition, the parties shall, in good faith, attempt to resolve all objections to testimony so that the Court will be required to rule only on those objections to which they cannot reach an agreement as to their merit. As to all objections to testimony which cannot be amicably resolved, unless otherwise ordered by the Court, the parties shall electronically file, not less than **three** days prior to trial, a statement identifying the portions objected to and the grounds therefor. Proponents and opponents shall furnish the Court appropriate statements of authorities in support of their positions as to the proposed testimony.

    b. In non-jury trials, the parties shall, at least **five** days prior to trial, deliver to the Court those portions of the depositions they intend to introduce into evidence. Any objections to the proposed deposition testimony should be handled in the form and fashion as described above.

12. a. A list and brief description of any charts, graphs, models, schematic diagrams, and similar objects which, although not to be offered in evidence, respective counsel intend to use in opening statements provided it is not objected to by opposing counsel.

13. a. A list of witnesses for all parties, including the names, addresses and statement of the general subject matter of their testimony (it is not sufficient to designate the witness simply "fact," "medical" or "expert"), and an indication in good faith of those who will be called in the absence of reasonable notice to opposing counsel to the contrary;

    b. A statement that the witness list was filed in accordance with prior court orders. No other witness shall be allowed unless agreeable to all parties and their addition does not affect the trial date. This restriction shall not apply to rebuttal witnesses or documents whose necessity cannot be reasonably anticipated. Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports in accordance with prior court orders. Expert witnesses whose reports have not been furnished to

6

    opposing counsel shall not be permitted to testify nor shall experts be permitted to testify to opinions not included in the reports timely furnished;

  c. Except for good cause shown, the Court shall not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of the pre-trial order and prior court orders;

  d. Counsel shall not be allowed to ask questions on cross-examination of an economic expert which would require the witness to make mathematical calculations in order to frame a response unless the factual elements of such questions shall have been submitted to that expert witness no later than **4:30 p.m. three working days** prior to trial.

14. A statement indicating whether the case is a jury or non-jury case.

  a. If the case is a jury case, then indicate whether the jury trial is applicable to all aspects of the case or only to certain issues, which issues shall be specified. In jury cases, add the following provisions:

   "Proposed jury instructions, special jury interrogatories, trial memoranda, and any special questions that the Court is asked to put to prospective jurors on voir dire shall be electronically filed with the court not later than **4:30 p.m. five working days** prior to trial unless specific leave to the contrary is granted by the Court.

   Any **proposed special voir dire questions** are to be filed by each counsel no later than **4:30 p.m. five working days** prior to trial."

  b. In a non-jury case, suggested findings of fact and conclusions of law and a separate trial memorandum are required, unless the Court enters an order that such is not required. Same are to be filed no later than **4:30 p.m. five working days** prior to trial.

  c. In a jury case, a trial memorandum shall be required only when and to the extent ordered by the Court. However, any party may in any event file such memoranda no later than **4:30 p.m. five working days** prior to trial and should accomplish this with respect to any anticipated evidentiary problems which require briefing and jury instructions requiring explanation beyond mere citation to authority.

15. In cases where damages are sought, include a statement for completion by the Court, that "The issue of liability (will or will not) be tried separately from that of quantum." It is the policy of this Court in appropriate cases to try issues of liability and quantum separately. Accordingly, counsel should be prepared to discuss at the Pre-trial Conference the feasibility of separating such issues. Counsel likewise should consider the feasibility and desirability of separate trials as to other issues.

16. A statement describing any other matters that might expedite a disposition of the case.

17. A statement that trial shall commence on _____, at ____ a.m./p.m.  A realistic estimate of the number of trial days is required.  Where counsel cannot agree upon the number of trial days required, the estimate of each side should be given.

18. The statement that "This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person.  Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing.  Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice."

19. The statement that "Possibility of settlement of this case was considered."

20. The proposed pre-trial order must contain appropriate signature spaces for counsel for all parties and the Judge.

**IT IS FURTHER ORDERED** that the foregoing pre-trial notice be mailed or emailed to counsel of record for all parties to these cases, and counsel will comply with the directions set forth herein.

**IT IS FURTHER ORDERED** that, in the event this case settles or is otherwise disposed of, counsel immediately inform the clerk's office, the judge to whom the case is allotted, and all persons subpoenaed as witnesses. If a case is settled as to fewer than all of the parties or all of the claims, counsel must also identify the remaining parties and unsettled claims.

If needed during trials, counsel are invited to use the Michaelle Pitard Wynne Attorney Conference Center located in Room B-245 on the second floor of the Hale Boggs Federal Building near the crossover to the Courthouse. The space features three private conference rooms, a lounge, and a computer workroom with internet, copy, fax and print services. Details and information on these services including conference room reservations can be found at http://nofba.org or by contacting Amanda T. Kaiser, Executive Director at 504-589-7990 or fbaneworleans@gmail.com.

New Orleans, Louisiana on this ____ day of _____, 20__.

                                                                                                                    _____

                                                                                                                     Eldon E. Fallon
                                                                                                                   U.S. District Court Judge

## **ADDENDUM DURING COVID-19**

Due to the ongoing COVID-19 pandemic and public health emergency, the Court will conduct the entire trial remotely. All parties, counsel, and witnesses will appear remotely using the Zoom video platform. The Court will be the host of the Zoom trial proceeding and will issue any necessary instructions concerning the applicable technological requirements.

Each attorney and each witness must have access to a computer, tablet or other device equipped with (i) a camera, (ii) an internet connection sufficient to support the Zoom video platform, and (iii) a microphone. In lieu of a microphone, the Zoom video platform also has the option of using a telephone for audio.

Counsel and witnesses must be able to access exhibits in Portable Document Format ("PDF") through the use of a PDF reader (e.g., Adobe Acrobat Reader, Apple Books). If a witness does not have access to a program for viewing PDF files, the party sponsoring the witness shall ensure the witness has a printed copy of all exhibits.

All witnesses shall be sworn in virtually by the presiding judge or other court employee. Such testimony will have the same effect as if the witness was sworn in person in open court at the courthouse.

As an additional safeguard for the allowance or remote witnesses, the Court may require the witness or the party sponsoring the witness to provide certain information, including the location of the witness and whether the witness will have access to any documents. Witnesses will need to identify where they are physically located and verify that they are alone in the video conferencing space except, if necessary, for the presence of a non-lawyer technical assistant to help the witness with any difficulties with the video equipment while testifying. a witness is participating in an attorney's office, the witness shall testify in a separate room.

The party sponsoring a remote witness shall be responsible for ensuring that any applicable dial-in information, any applicable link for the Zoom video platform, and all exhibits, if needed, are supplied to the witness before the witness is called to testify.

Non-party fact witnesses will be sequestered. Expert witnesses may observe the trial.
During the course of on-the-record testimony by a witness (including direct and cross examination and redirect), no counsel or other associated person may communicate with that witness via text message, email, direct message or any other type of messaging.

Other than official court reporters and official electronic recorders employed by the Court, no person shall be permitted to record any part of the trial, consistent with the Local Rules for judicial proceedings.

10