UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN RAMOS<br><br>    Plaintiff,<br><br>v.<br><br>IRON MOUNTAIN SECURE SHREDDING, INC., IRON MOUNTAIN INFORMATION MANAGEMENT, INC., IRON MOUNTAIN INCORPORATED, and IRON MOUNTAIN MANAGEMENT SERVICES, INC.<br><br>    Defendants. | CIVIL ACTION NO.<br><br>SECTION<br><br>JUDGE:<br><br>MAGISTRATE: |

## COMPLAINT

The Complaint of Jonathan Ramos ("Mr. Ramos") respectfully represents:

### JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest, attorney's fees, and costs.

### VENUE

2. Venue is proper for this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Louisiana, and the Defendants regularly transact business in this District.

### PARTIES

3. The plaintiff is Jonathan Ramos, who is a person of full age of majority and resident of the State of California.

1

EXHIBIT
___A___

4. Made defendants herein are:

    A. IRON MOUNTAIN SECURE SHREDDING, INC., a foreign corporation authorized to transact business in the State of Louisiana, incorporated in the State of Delaware;

    B. IRON MOUNTAIN INFORMATION MANAGEMENT, INC., a foreign corporation authorized to transact business in the State of Louisiana, incorporated in the State of Delaware;

    C. IRON MOUNTAIN INCORPORATED, a foreign corporation authorized to transact business in the State of Louisiana, incorporated in the State of Delaware; and

    D. IRON MOUNTAIN MANAGEMENT SERVICES, INC., a foreign corporation authorized to transact business in the State of Louisiana, incorporated in the State of Delaware. Iron Mountain Secure Shredding, Inc., Iron Mountain Information Management, Inc., Iron Mountain Incorporated, and Iron Mountain Management Services, Inc., are closely related corporations referred to collectively herein as "Iron Mountain" and/or "Defendants".

## STATEMENT OF FACTS

5. At all relevant times, Mr. Ramos was an employee of Rack Masters, a company based in California engaged in the field of removal of storage racks.

6. On June 15, 2018, Mr. Ramos was sent by Rack Masters to Louisiana to demolish and remove storage racks at an Iron Mountain facility located at 6200 Humphreys Street, Harahan, LA 70123. The Iron Mountain facility at issue is engaged in the business of storing medical records.

7. Upon information and belief, defendants Iron Mountain Secure Shredding, Inc., Iron Mountain Information Management, Inc., Iron Mountain Incorporated, and Iron Mountain Management Services, Inc., contracted with Rack Masters for the removal of storage racks at the

Iron Mountain facility located at 6200 Humphreys Street, Harahan, LA, and at all relevant times they maintained, managed, owned, leased, or otherwise exercised custody and control over the Iron Mountain facility at issue and the storage racks therein.

8. On June 15, 2018, Mr. Ramos was removing wire mesh racks held in place by "uprights" bolted to the concrete floor of the Iron Mountain facility. The racks were not fastened to a wall. On that date, Mr. Ramos was working on a leased scissor lift with one co-worker, known as "Tyrese".

9. On June 15, 2018, suddenly and without warning a rack fell to its side landing on an adjacent rack, which caused several racks to fall and land on the scissor lift carrying Mr. Ramos and "Tyrese". The impact of the racks falling on the scissor lift caused Mr. Ramos to fall 18 – 20 feet to the ground. The falling racks fell on top of Mr. Ramos.

10. As a result of the fall, Mr. Ramos sustained severe injuries requiring spine surgery, extensive inpatient hospitalization, and pain management.

11. The above described accident was caused by the following acts and omissions of Defendants Iron Mountain:

    A. Premises liability under La. Civil Code, art. 2317, and 2317.1;

    B. Failure to provide a safe building upon which to Mr. Ramos could perform his tasks;

    C. Failure to provide safety railings or scaffolding;

    D. Vice, ruin, or defect of the subject building;

    E. Vice, ruin, or defect of the subject racks, bolts connecting the racks to the concrete floor, and the concrete floor;

    F. Failure to exercise reasonable care to correct the ruin, vice, or defect which caused Mr. Ramos' damages;

      G.    Failure to provide any warning of the vice, ruin, or defect of the subject racks, bolts connecting the racks to the concrete floor, and the concrete floor;

      H.    Failure of defendants to warn Mr. Ramos that the subject racks, bolts connecting the racks to the concrete floor, and the concrete floor were unsafe and could not be demolished or removed safely;

      I.    *Res ipsa loquitor*; and

      J.    Other acts of negligence to be discovered, which will be shown more fully at trial.

12. Defendants Iron Mountain are jointly and severally liable to Mr. Ramos for injuries proximately caused by the unreasonably dangerous condition created by the Defendants and their failure to provide the plaintiff with a reasonably safe place to perform his task, and their failure to keep plaintiff from being injured by the defendants.

13. On June 15, 2018, all Defendants were jointly and severally liable for the negligence of their employees and agents, and it was the duty of all Defendants to use ordinary care, including by reasonable inspection, to protect the plaintiff from conditions that were dangerous or which may potentially cause injuries to the Plaintiff on the premises in the custody of Iron Mountain, and where the plaintiff Mr. Ramos was carrying out his task of removing the storage racks.

14. Mr. Ramos is entitled to recover damages from Defendants Iron Mountain for his physical pain and suffering, mental pain and suffering, loss of earnings, loss of earning capacity, medical expenses, past, present and future and permanent injury, loss of enjoyment of life, and other relief as the court may determine appropriate.

15. Plaintiff hereby requests a trial by jury.

**WHEREFORE**, petitioner JONATHAN RAMOS, prays that the defendants, IRON MOUNTAIN SECURE SHREDDING, INC., IRON MOUNTAIN INFORMATION MANAGEMENT, INC. IRON MOUNTAIN INCORPORATED, and IRON MOUNTAIN MANAGEMENT SERVICES, INC., be duly cited and served with a copy of this petition and that after due proceedings are had there be judgment rendered herein in favor of plaintiff and against the Defendants jointly, severally and *in solido*, in an amount sufficient to adequately compensate Mr. Ramos for his damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

**Respectfully Submitted:**

**BRUNO & BRUNO, LLP**

  */s/ Joseph M. Bruno*
Joseph M. Bruno, Sr. (La. Bar No. 3604)
Daniel A. Meyer (La. Bar No. 33278)
855 Baronne Street
New Orleans, LA 70115
Telephone: (504)-525-1335
Facsimile: (504)-561-6775
jbruno@brunobrunolaw.com
dmeyer@brunobrunolaw.com

5