UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN RAMOS,<br><br>          Plaintiff,<br><br>     vs.<br><br>IRON MOUNTAIN SECURE SHREDDING, INC., et al.,<br><br>          Defendants. | Civil Action No.  2:19-CV-11202<br><br>**JONATHAN RAMOS RESPONSE TO INTERROGATORIES FROM IRON MOUNTAIN SECURE SHREDDING, INC., SET ONE** |

**JONATHAN RAMOS' RESPONSES TO
<u>IRON MOUNTAIN MANAGEMENT, LLC'S FIRST SET OF INTERROGATORIES</u>**

COMES NOW, Plaintiff JONATHAN RAMOS, and responds to defendant IRON MOUNTAIN MANAGEMENT, LLC's first set of interrogatories as follows:

In responding to these interrogatories, responding party is furnishing to propounding party such information as is presently available to responding party, which may include hearsay and other forms of information which are neither reliable nor admissible in evidence. Responding party reserves all objections relating to inadmissible evidence, reserves the right to introduce at trial or arbitration evidence which is presently unknown to responding party and/or is discovered subsequent to the date of these responses.

Responding party has not fully completed investigation of the facts related to this case, has not fully completed discovery in this action, there have been no depositions of defendant's employees, and responding party has not completed preparation for trial or arbitration. All of the responses contained herein are based only upon such information and documents as are presently available and specifically known to responding party and responding party's representatives and

1

EXHIBIT

G

such responses disclose only those contentions which presently occur to responding party and to responding party's representatives. Responding party anticipates that further discovery, independent investigation, and legal research and analysis will supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.

The following responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which responding party may later ascertain, discover, or recall. Responding party reserves the right to advance contentions and introduce evidence which may be inconsistent with certain of the responses herein, as additional facts are ascertained, and analyses are made, legal research is completed and contentions are established. The responses made herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as are presently known to responding party and responding party's representatives but should in no way prejudice responding party in relation to further discovery, research or analysis.

Responding party has either no, or at best only limited, direct personal knowledge of the information requested by these interrogatories. Further, by virtue of the nature of most of the questions, being primarily contention interrogatories, and/or calling for the making of legal conclusions rather than statements of fact, as to such interrogatories, responding party does not possess either the expertise, or adequate personal knowledge, to respond to them. The responses are therefore prepared by responding party's attorneys from information in the possession, custody and control of responding party's attorneys and their representatives.

## GENERAL OBJECTIONS

1. Ramos objects to Defendant's discovery to the extent that the discovery requests are vague, ambiguous, overly broad, premature and/or unduly burdensome, and/or call for a legal conclusion.

2. Ramos objects to Defendant's discovery to the extent that the discovery requests are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3. Ramos objects to Defendant's discovery to the extent that it seeks information and/or documents that are not within Ramos' possession, custody, or control, or to the extent they seek information and/or documents that are already in Defendants' possession, custody, or control.

4. Ramos objects to Defendant's discovery to the extent that the discovery requests seek information and/or documentation protected by the attorney-client privilege, work-product doctrine, and/or that were obtained and/or prepared in anticipation of litigation.

5. Any responses provided below are subject to and without waiving the above objections, as well as objections as to competence, relevance, authenticity and admissibility at any hearing and/or trial in this matter.

6. Ramos specifically reserves his right to supplement his responses to these discovery requests.

## INTERROGATORY NO. 1:

Please state Your full name, and any other names You have been known by, Your date and place of birth, Your marital status at the time of the accident, Your present marital status, Your present home address, and Your Social Security Number.

## RESPONSE TO INTERROGATORY NO. 1

Objection is made to this interrogatory on the grounds that, by its scope calls for

3

information protected by responding party's right of privacy and not placed in issue by this lawsuit.

Without waiving the foregoing objections and specifically reserving the same, responding party states:

Jonathan Josue Ramos Olivares

3423 Harvey Lane

Stockton, CA 95206

Date of Birth: 8/28/1997

Place of birth: Jalisco Mexico

Marital Status: Single

Regarding Plaintiff's social security number, objection is made to this request on the grounds that, by its scope calls for information of little or no practical benefit to the propounder, for information not relevant to the subject matter of this lawsuit, for information not calculated to lead to the discovery of admissible evidence, and for information protected by responding party's right of privacy and not placed in issue by this lawsuit. Without waiving said objections and specifically reserving the same, Plaintiff responds as follows:

SSN: 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

**INTERROGATORY NO. 2:**

Describe, in full detail, how the incident occurred, including the events in the five minutes leading up to and following the incident.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Objection, this interrogatory calls for a narrative response and is better suited for interrogation during oral examination.

Without waiving said objection, Responding party states that while working at Iron

Mountain storage facility located in New Orleans, Louisiana, Plaintiff was operating a scissor lift while tearing down shelving units when the shelving fell, knocking plaintiff approximately 16-20 feet to the ground.

**INTERROGATORY NO. 3:**

List and describe, in detail, the physical and/or mental injuries You sustained in the incident, and whether You contend any of the physical and/or mental injuries are permanent.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection, this question calls for the opinion of medical experts. Without waiving said objection, responding party states as follows:

Plaintiff suffered multiple injuries as a result of the subject incident, including but not limited to the following:

- Fracture of lumbar spine - L4 Lumbar burst fracture.

- Blunt trauma.

- Displaced fracture of medial condyle of right tibia; Displaced fracture of right tibial spine; Right tibial plateau fracture - Medial and lateral tibial plateau fracture with angulation and infero-posterior displacement at the medial plateau fragment. Comminuted displaced intra-articular fracture involving the medial tibial plateau at both the medial and lateral compartments. The medial plateau primary fracture fragment demonstrates up to 5 mm inferior displacement. Fracture planes extend through the tibial spines with a free-floating central fragment. There are linear nondisplaced fracture planes which extend through the lateral tibial plateau involving articular surface and proximal tibiofibular syndesmosis without widening.

- Associated moderate sized lipo-hemarthrosis in the right knee joint is noted with adjacent

soft tissue swelling predominantly anterior and medial to the proximal tibia.

- Right ankle sprain

- Right wrist sprain

- Cellulitis of right lower limb

- Emotional Distress

See Plaintiff's medical records for a more comprehensive description of Plaintiff's injuries and Plaintiff's medical treatment. Investigation continues as to Plaintiff's complete Injuries.

Plaintiff is still receiving ongoing treatment for his injuries. Plaintiff reserves the right to supplement, add or change this response after discovery in this matter is completed.

**INTERROGATORY NO. 4:**

State the name and address of all doctors, chiropractors, therapists, hospitals, clinics, nursing homes, or other institutions/health care providers or in which You have been confined or received outpatient treatment because of this incident, and include the nature of the treatment provided to You.

**RESPONSE TO INTERROGATORY NO. 4:**

University Medical Center
2000 Canal St, New Orleans, LA 70112
Emergency Department & Inpatient treatment
    Tyler Christina White, M.D.
    Abhishek Kumar, M.D.
    Sagar Amit Shah, M.D.
    Neuyen McLean, M.D.
    Christopher Earl Marrero, M.D.
    Leonard Bok, M.D.
    Kala Jenkins, RN
    Katherine Brockhoff Stuke, RN
    Joseph R Phillips III, CST
    Vadell Lagarde, CST

Alpine Orthopedic Medical Group
2488 N. California Street

Stockton, CA 95204
Roland Winter, M.D.

Pine Street Physical & Occupational Therapy
Meredith Leonardi MSPT
Lena Blackshear PTA
534 E. Pine Street, Suite A
Stockton, CA 95204-5536

Trinity Urgent Care & Occupational Health
10200 Trinity Parkway, Suite 202
Stockton CA 95219

Select Physical Therapy
707 Lincoln Center
Stockton, CA 95207

Matrix Rehab
2303 W March Ln
Stockton, CA 95207-5239

Alignetworks
Stockton, CA

Procedures performed:
**06/15/2018**: Open reduction internal fixation right tibial plateau fracture, insertion of orthopedic implant, joint prosthesis, or bone plate

**06/21/2018:** Open Reduction internal fixation Right  - L2-L5 posterior screw and rod placement (percutaneous segmental pedicle screw instrumentation without fusion); and subsequent surgical removal of lumbar implant

**04/17/2019:** work hardening for back and right knee effusion.

Medication prescribed:
Acetaminophen 1000mg/100ml, acetaminophen tablet 650 mg, Cefazolin (Ancef) 2g, Cyclobenzaprine (Flexeril) tablet 5 mg,  Diazepam (Valium) tablet  mg, diphenhydramine (Benadryl) 25 mg, Enoxaparin (Lovenox) 30 mg/.3ml, Fentanyl (Sublimaze) injection, Hydromorphone (Dilaudid) injection, Labetalol (Normodyne, trandate) injection, Morphine 4mg/ml intravenous 2 mg, morphine 2mg/ml injection 2 mg, Lidocaine (Xylocaine) injection, Midazolam (Versed) injection, oxycodone-acetaminophen (PEROCET) 5-325 mg, Ondansetron HC (4mg/2ml injection), Propofal (Diprivan) 10 mg/ml injection, phenylephrine (neo-synephrine), rocuronium (Zemuron) injection, Sugammadex (Bridion) injection, cyclobenzaprine, famotidine, aspirin,  Norco 7.5/325 mg, Cephalexin 500 mg

Medical devices:

7

Right Knee brace, wheelchair, crutches, open wound of leg and back (8 cm post-surgical incision).

Plaintiff is still receiving ongoing treatment for his injuries. Plaintiff reserves the right to supplement, add or change this response after discovery in this matter is completed. Investigation continues.

**INTERROGATORY NO. 5:**

Please itemize all medical or health care expenses or charges You incurred as a result of this incident.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff has not yet determined the amount of medical or health care expenses and charges related to his medical treatment. Plaintiff will disclose said information upon receipt of the same.

As of December 4, 2019, Markel Insurance Company/Markel Services Omaha has paid Plaintiff's medical expenses related to the subject accident, for a total amount of: $170,451.84.

Investigation continues.

**INTERROGATORY NO. 6:**

Identify each insurance carrier providing medical or other health care benefits or which might provide medical or other health care benefits to You.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection. The question calls for information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections, plaintiff responds: All of Plaintiff's medical bills related to the subject accident have been paid by Markel Insurance Company/Markel Services Omaha, the workers compensation carrier for RackMasters, Inc. Plaintiff became a Medi-CAL recipient in December 2018. To the best of Plaintiff's knowledge, Medi-CAL has not paid any medical bills related to

the subject accident.

**INTERROGATORY NO. 7:**

Did any insurance company, person, company, or employer pay any of Your medical expenses or loss of income? If so, state that name and address of each insurance company, person, company, or employer, and the amount of medical expense and amount of loss of income paid.

**RESPONSE TO INTERROGATORY NO. 7:**

As of December 4, 2019, Plaintiff was paid temporary total disability payments by Markel Insurance Company/Markel Services Omaha, the workers compensation carrier for RackMasters, Inc, for a total amount of $26,256.32.

As of December 4, 2019, Markel Insurance Company/Markel Services Omaha has paid Plaintiff's medical expenses related to the subject accident, for a total amount of: $170,451.84.

Investigation continues.

**INTERROGATORY NO. 8:**

Please state the date of Your last treatment by any doctor, chiropractor, therapist or other health care provider, and whether You have any future appointments scheduled to see any doctor, chiropractor, therapist or other health care provider - giving his/her name, address, telephone number and the date of said appointment.

**RESPONSE TO INTERROGATORY NO. 8:**

At the time of answering these interrogatories, Plaintiff's last appointment with a medical provider was on 10/10/2019 at Trinity Urgent Care Occupational Health. Plaintiff does not have any scheduled medical appointments at the present time, however, Plaintiff plans to return to

9

Trinity and to his orthopedic specialists for periodic follow-up as needed.

**INTERROGATORY NO. 9:**

If any x-rays or MRIs were taken of You because of this incident for the purpose of diagnosis or treatment, please state where taken, by whom, and the findings reported.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection is made to this interrogatory on the grounds that the question calls for information which is available to all parties equally and is therefore oppressive and burdensome to Responding Party. Responding party thus objects to responding further and respectfully refers propounding party, to the documents themselves, specifically to Plaintiff's medical records, copies of which are attached to Plaintiff's Response to Production of Documents.

**INTERROGATORY NO. 10:**

Please identify any and all pharmacies, drugstores, grocery stores or online suppliers You have used to purchase prescriptions for the last ten (10) years preceding this accident.

**RESPONSE TO INTERROGATORY NO. 10:**

None.

**INTERROGATORY NO. 11:**

If You are still under treatment for the injuries sustained in this incident, please state where, by whom and how frequently such treatments are given to You.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff was released to return to work with residual disabilities and permanent restrictions on October 10, 2019. Plaintiff does not have any scheduled medical appointments at the present time, however, Plaintiff plans to return to Trinity and to his orthopedic specialists for periodic

10

follow-up as needed.

**INTERROGATORY NO. 12:**

Please state the name and address of all employers by whom You were employed at the time of the incident and for ten (10) years preceding this accident, as well as stating for whom You have worked since the incident, specifying the nature of Your employment with each.

**RESPONSE TO INTERROGATORY NO. 12:**

Objection, this request is overly broad and unduly burdensome and is not likely to lead to discoverable evidence.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

10/31/2019 through the present, Bento Delivery, Job Title: Delivery driver/Brand ambassador;

March/April 2017 through June 15, 2018, RackMasters, Inc, Placerville, CA Job Title: Laborer/Foreman;

May, 2016 - February 2017, Ralph Lauren at Livermore Outlet, Job Title: Sales Associate;

September 2015 - March 2016, RD Concrete, Stockton, CA, Job Title: Laborer;

May 2015- August 2015, Rackmasters, Inc., Placerville, CA, Job Title: Laborer;

October 2014 – May 2015, Kelly's Car Wash, Stockton, CA, Job Title: Laborer.

**INTERROGATORY NO. 13:**

If You are claiming loss of earnings as a result of the incident, state the period(s) of time You were out of work, name of employer, rate of pay/salary, the current amount of the loss, and any loss You believe You will incur in the future.

**RESPONSE TO INTERROGATORY NO. 13:**

11

Objection. This question seeks to ascertain information provided a consulting expert witness by Responding party's counsel and, as such is violative of the attorney work-product privilege. Without waiving and specifically reserving the foregoing objections, Plaintiff states as follows: The precise amount of Plaintiff's total lost income and benefits has not been calculated. However, it will be based on Plaintiff's annual earnings, including benefits, with appropriate adjustments for raises, etc., taking into consideration Plaintiff's work and life expectancy and for loss of services to the family. When it has been fully evaluated, an amount for this loss will be presented to propounding party.

Plaintiff was off of work from his job at Rackmasters, Inc. from: 6/15/2018 through 10/31/2019. Plaintiff sometimes worked as a laborer where he earned $15.50 an hour plus overtime and he sometimes worked as a foreman where he earned $18.50 an hour plus overtime.

**INTERROGATORY NO. 14:**

State whether You received Your full or partial salary or income during the period of lost earnings. If so, give amounts and dates.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff received 2/3's of his pay during the period of lost earnings from Markel Insurance Company/Markel Services Omaha, the workers compensation carrier for RackMasters, Inc.

**NTERROGATORY NO. 15:**

If You sustained any additional financial losses as a result of the incident, state in detail the nature, dates and amounts of such additional losses.

**RESPONSE TO INTERROGATORY NO. 15:**

Objection, this question is vague and overly broad. Without waiving and specifically

reserving said objection, plaintiff responds: None known at this time.

**INTERROGATORY NO. 16:**

State, in detail, all physical and/or mental injuries or conditions You suffered from at any time *before* the incident, and include: the date of each accident or incident, the injuries that were sustained, and if suit was filed – list the Court and docket number of any suit which was instituted for the recovery of damages.

**RESPONSE TO INTERROGATORY NO. 16:**

Objection. The question calls for information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and specifically reserving the foregoing objection, responding party states: None.

**INTERROGATORY NO. 17:**

State, in detail, all physical and/or mental injuries or conditions You suffered from at any time *after* the incident which You claim either (a) aggravated Your injuries, or (b) were new injuries; and include: the date of each accident or incident, the injuries that were sustained, and if suit was filed – list the Court and docket number of any suit which was instituted for the recovery of damages.

**RESPONSE TO INTERROGATORY NO. 17:**

Objection. The question calls for information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and specifically reserving the foregoing objection, responding party states: None.

**INTERROGATORY NO. 18:**

State the name and address of all doctors, chiropractors, hospitals, therapists, psychologists, psychiatrists, counselors, and other health care providers who have rendered

13

medical and/or other types of care to You for the ten (10) years before the incident to the present, and include the date and reason for the care/treatment.

**RESPONSE TO INTERROGATORY NO. 18:**

Objection. The question calls for information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and specifically reserving the foregoing objection, responding party states that Plaintiff was seen at Kaiser in Stockton once for a general physical examination.

**INTERROGATORY NO. 19:**

State the name, home address and business address of all witnesses You intend to call to trial to establish any facts pertaining to the cause of the incident or acts of negligence or wantonness by defendants as alleged in Your Petition, or upon whom You will rely to prove either liability or damages in this case.

**RESPONSE TO INTERROGATORY NO. 19:**

Objection. The question also improperly seeks to discover the disclosure of plaintiff's trial witnesses (other than experts) and as such violates the attorney work-product privilege.

This question also seeks to ascertain information provided a consulting expert witness by Responding party's counsel and, as such is violative of the attorney work-product privilege.

In addition, this interrogatory is premature, as discovery has just begun in this case, and Responding party has not fully completed their investigation of the facts related to this case, and no depositions have been taken. Responding party is still gathering facts and evidence. Therefore, the responses contained herein are based only upon such information as is presently available and known to responding party and responding party's representatives and are given without prejudice to any subsequently discovered fact or facts which responding party may later ascertain, discover,

or recall. Without waving the foregoing objections and specifically reserving the same, Responding party states:

Responding party may call the witnesses who were at the scene, including but not limited to:

2 Rackmasters employees: Antonio Cruz (Sacramento CA) and Mark Martinez (Stockton CA)**;**

4 temporary workers from Adecco: Tyree Brantley, Jonathan\_\_\_\_\_ and 2 other unknown, temporary workers (New Orleans, LA).

Co-owner and acting foreman Glen Thomas (Sacramento, CA).

The foregoing is not a comprehensive list of witnesses, but rather a starting point for the purposes of beginning fact discovery.

Responding party may call treating physicians, medical experts, liability experts, accident reconstructionist and any other experts they deem appropriate and necessary during the trial of this cause.  Responding party has not yet made a determination in this regard and specifically reserves the right to amend this response according to an expert disclosure schedule set by the court.

Investigation continues.

**INTERROGATORY NO. 20:**

Please state whether or not You have consulted or retained or engaged the services of any expert in connection with this litigation, and for each expert consulted or retained or engaged or on whose opinion or testimony You intend to rely list his or her job title, area of expertise, and the specific factual issue to which his opinion pertains.

**RESPONSE TO INTERROGATORY NO. 20:**

Objection. This question seeks to ascertain information provided a consulting expert witness

15

by Responding party's counsel and, as such is violative of the attorney work-product privilege.

In addition, this interrogatory is premature, as discovery has just begun in this case, and Responding party has not fully completed their investigation of the facts related to this case and is still gathering facts and evidence. Responding party has not yet determined what experts they will be calling at the trial of this cause. Therefore, the responses contained herein are based only upon such information as is presently available and known to responding party and responding party's representatives and are given without prejudice to any subsequently discovered fact or facts which responding party may later ascertain, discover, or recall.

**INTERROGATORY NO. 21:**

Please state if there were any criminal charges brought by any local, state or federal government agency associated with or arising out of the incident made the basis of the instant litigation, and if so, please provide a copy of any ticket number, item number, parish and state the status of any such pending criminal charges.

**RESPONSE TO INTERROGATORY NO. 21:**

Objection is made to this interrogatory on the grounds that the question calls for information which is available to all parties equally and is therefore oppressive and burdensome to Responding Party.

Moreover, in order to answer this interrogatory, it would be necessary to make an abstract, summary or compilation of documents in Responding Party's possession, which are equally available to the propounding party, and equally susceptible to analysis by the propounding party and/or propounding party's representatives. Responding Party does not have an abstract, summary, or compilation of the information which is contained in these records. Responding party thus objects to responding further and respectfully refers propounding party to the documents

themselves, specifically to the OSHA investigative file to obtain the most accurate information responsive to the question.

Without waiving and specifically reserving the foregoing objections, responding party states:

OSHA found according to Inspection #1323824 Defendant RackMasters, Inc., to be in violation of 29 CFR 1926.850(a): "An engineering survey was not performed by a competent person to determine the conditions of the framing floors and walls and the possibility of unplanned collapse of any portion of the structure prior to permitting employees to start demolition operations."

"On or about 6/19/18 in warehouse 03; the employer allowed employees to remove ceiling-installed fire sprinkler pipes, metal cat walks, and to dismantle bays steel rack shelving 60 feet deep (east to west) by 168 feet long (north to south) by 30' high (floor to ceiling) without an engineering survey conducted by a competent person to determine the possibility of unplanned collapse of any portion of the structure prior to permitting employees to start demolition operations; thus employees were exposed to injuries emanating from the collapse of the racking."

OSHA imposed penalties in an amount of $3,880.00 (Serious Penalties)

Responding party is unaware of the status of the OSHA action. This is information that is within Propounding Party's knowledge.

**INTERROGATORY NO. 22:**

Please state whether or not You filed any workers' compensation claim as a result of the accident made the basis of the instant litigation and what amounts You were paid in indemnity benefits, wages, and/or medical expenses.

**RESPONSE TO INTERROGATORY NO. 22:**

Yes. As of December 4, 2019, Plaintiff was paid indemnity payments by Markel Insurance Company/Markel Services Omaha, the workers compensation carrier for RackMasters, Inc, for a total amount of $26,256.32.

As of December 4, 2019, Markel Insurance Company/Markel Services Omaha has paid Plaintiff's medical expenses related to the subject accident, for a total amount of: $170,451.84. Investigation continues.

Dated:  December 26, 2019

                                  Respectfully submitted,

                                  **BRUNO & BRUNO, LLP**

                                  */s/ Joseph M. Bruno*
                                  Joseph M. Bruno (La. Bar No. 3604)
                                  Daniel A. Meyer (La. Bar No. 33278)
                                  855 Baronne Street
                                  New Orleans, LA 70112
                                  Telephone: (504) 525-1335
                                  Fax: (504) 581-1493
                                  jbruno@brunobrunolaw.com
                                  dmeyer@brunobrunolaw.com
                                  ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I do hereby certify that I have on this 26th day of December, 2019, served a copy of the foregoing Plaintiff's Responses to Defendants Interrogatories upon counsel for Defendant by email transmission.

                                  */s/ Daniel A. Meyer*
                                  Daniel A. Meyer