UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JONATHAN** | * | **CIVIL ACTION** |
| | * | |
| **RAMOS VERSUS** | * | **NO. 19-11202** |
| | * | |
| **IRON MOUNTAIN SECURE** | * | **SECTION: "L" (4)** |
| **SHREDDING INC., ET AL.** | * | |
| | * | |

**ORDER AND REASONS**

Before the Court is Defendant Iron Mountain's Motion for Summary Judgment. R. Doc. 98. Plaintiff responded in opposition. R. Doc. 109. Having considered the briefing and relevant law, the Court rules as follows.

I.   **BACKGROUND**

Plaintiff Jonathan Ramos brought this suit to recover for personal injuries he allegedly suffered at the facility of Defendant Iron Mountain Information Management, LLC ("Iron Mountain") in the course of his employment with Rackmasters, Inc. ("Rackmasters"). Plaintiff alleges that on June 15, 2018, Rackmasters sent him to Iron Mountain's storage facility in Harahan, Louisiana to dismantle storage racks. R. Doc. 1 at 2. Plaintiff alleges that, while he was working on a "scissor lift" with a coworker, several racks suddenly fell onto the scissor lift, causing Plaintiff to fall 18-20 feet to the ground, where the racks landed on top of him. *Id.* at 3. Plaintiff alleges that this accident caused him to sustain severe injuries requiring spine surgery, inpatient hospitalization, and pain management. *Id.* Plaintiff asserts that Iron Mountain is liable for the accident because it failed to provide a safe building in which Plaintiff could perform his tasks; failed to provide safety railings or scaffolding; and failed to warn Plaintiff against the vice, ruin, or defects of the racks, the bolts connecting them to the floor, or the concrete flooring. *Id.* at 3-4. Plaintiff seeks damages for physical pain and suffering, mental pain and suffering, lost earnings, lost earning capacity, medical expenses, permanent injury, and loss of enjoyment of life. *Id.* at 4. Plaintiff avers that there is

diversity jurisdiction because he is a citizen of California while Iron Mountain is incorporated in Delaware and the amount in controversy exceeds $75,000. *Id.* at 1-2.

In its Answer, Iron Mountain generally denies Plaintiff's allegations and asserts defenses including that Plaintiff's alleged damages were caused by the negligence of others and that no act or omission of Iron Mountain was a factor in the accident. R. Doc. 4. Rackmasters and Markel Insurance Company, its insurer, filed a Petition of Intervention on March 17, 2020, seeking to recover for the workers' compensation, medical expenses, and other expenses they have paid or will pay due to Plaintiff's injuries. R. Doc. 25.

## II.   PRESENT MOTION

Pending before the Court is Defendant Iron Mountain's Motion for Summary Judgment. R. Doc. 98. Iron Mountain argues that (1) it is not liable for Ramos's injuries under La. C.C. art. 2317, 2317.1, or 2322 because the rack system and building did not have any known "ruin, vice, or defect[;]" (2) it did not owe Ramos a duty to protect Ramos from the inherent risks of his job and had no knowledge that the method in which Ramos and Rackmasters proceeded to deconstruct the rack system was unsafe or created an unreasonable risk of harm, and; (3) it is not liable for Rackmasters's actions or inactions because Iron Mountain did not exercise operational control over the methods or details of Rackmasters's work. R. Doc. 98-2 at 11.

On the other hand, Ramos asserts that Iron Mountain, (1) as premises owner, is liable to him as an independent contractor for injuries resulting from its authorization of unsafe practices, and that it authorized an unfair practice when it told Rackmasters to leave the stairs intact while it disassembled the racks, requiring the racks to be disassembled from the left to the right rather than from the front to the back, R. Doc. 109 at 8–9; (2) breached its duty to provide Ramos with a safe place to work by failing to secure the support columns to the center wall, and; (3) failed to warm Ramos or Rackmasters that the columns were unsecured to the wall, despite knowledge of the condition. R. Doc. 109 at 1.

## III.   APPLICABLE LAW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Rule 56(a) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004). "When assessing whether a dispute to any material fact exists, [courts] consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). A party seeking summary judgment is not required to negate elements of the nonmovant's claim, only show that there is no genuine dispute as to any material fact. *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003). If the movant meets its summary judgment burden by demonstrating the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial.*" Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004). Genuine issues of material fact exist when ". . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting A*nderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). All reasonable factual inferences are drawn in favor of the nonmoving party. *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

IV.   **DISCUSSION**

   **A. Liability under La. C. C. art. 2317; 2317.1; 2322**

Iron Mountain argues that it is not liable under La. C.C. art. 2317, 2317.1, or 2322 because the rack system and building did not have any known "ruin, vice, or defect." R. Doc. 98-2 at 11. To recover for premises liability under these statutes, a plaintiff must show, *inter alia*, (1) that the thing which caused the damage was in the defendant's control; (2) that it had a vice or defect that

presented an unreasonable risk of harm; (3) that the defendant knew or should have known of the vice or defect; (4) that the damage could have been prevented by the exercise of reasonable care, and (5) that the defendant failed to exercise such reasonable care. Iron Mountain avers that summary judgment is appropriate on this claim as Plaintiff has failed to raise a genuine issue of material fact as to whether there was such a known defect. It points to Plaintiff's expert Mr. Wood's testimony. Mr. Wood testified that the rack system in question was in good condition and posed no safety threat prior to being disassembled; accordingly, Iron Mountain claims that Plaintiff cannot show that the "thing which caused the damage" in this case "had a vice or defect."

However, Plaintiff does not claim that the rack system itself was defective. Plaintiff has presented evidence that the support columns were not secured to the center wall as they should have been, and claims that this is the relevant defect which caused the damage to Ramos, was within Iron Mountain's control, that Iron Mountain knew or should have known of this defect, and could have prevented the accident via the exercise of reasonable case by properly securing the support columns. Accordingly, there remains a genuine issue of material fact as to whether Iron Mountain is liable for Ramos' injuries under Louisiana premises liability law.

### B. Duty and Operational Control

Ramos' remaining claims involve allegations that Iron Mountain failed to provide a safe work environment. To prevail on these claims under Louisiana law, Ramos must prove the familiar elements of duty, breach, causation, and damages. *Bass v. Daves*, 753 So.2d 991, 993 (La. App. 2d Cir.), *writ not considered*, 762 So.2d 1094 (La.2000). The existence of a duty is a legal determination to be made by the trial judge. *Taylor v. Voigtlander*, 36,670 (La.App.2d Cir.12/11/02), 833 So.2d 1204. Louisiana law provides that the "owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm." *Manning v. Dillard Dep't. Stores, Inc.*, 753 So. 2d 163, 165 (La. 1999). These duties "extend to employees of independent contractors for whose benefit the owner must take reasonable steps to ensure a safe working environment."

*Donavan v. Jones*, 658 So.2d 755, 755 (La. App. 2 Cir. 1995) (citing *Dupre v. Chevron U.S.A., Inc.*, 20 F.3d 154 (5th Cir.1994)). In the principal-independent-contractor context, the principal need not "take affirmative steps to ensure the safety of a contractor's employees, but it may assume such a duty by contract or by later going beyond the contract and voluntarily policing the worksite for safety problems." *See Ukudi v. McMoran Oil & Gas, L.L.C.*, 587 F. App'x 119, 122–23 (5th Cir. 2015) (per curiam).

Iron Mountain argues that it did not owe Plaintiff a duty to protect him from the "inherent risks" of his job, and that it had no knowledge that the method in which Ramos and Rackmasters proceeded to deconstruct the rack system was unsafe or created an unreasonable risk of harm. R. Doc. 98-2 at 11. On the other hand, Ramos argues that Iron Mountain assumed the duty to ensure his safety as principal by directing that Rackmasters leave the stairs intact while it disassembled the rack system. He argues that this change of disassembly method made the project unreasonably dangerous and was the direct cause of the collapse. R. Doc. 109 at 16. Ramos points out additionally that the contract between Iron Mountain and its subcontractor requires the subcontractor to follow Iron Mountain's "policies and procedures related to safety and security." R. Doc. 109 at 3.

Iron Mountain argues that its single request that the stairways remain intact does not equate to an assumption of duty for any of Rackmasters's actions or inactions which led to Ramos' injuries because Iron Mountain did not exercise operational control over the methods or details of Rackmasters's work. But in connection with a premises operator's duty of reasonable care, "[b]oth the Fifth Circuit and [District Courts] have found summary judgment to [premises] owners to be unwarranted when a question of fact exists as to whether the owner created the hazard that resulted in the plaintiff's injury." *Venezia v. ConocoPhillips Co.*, 2014 WL 107962, at *5 (E.D. La. Jan. 9, 2014) (citing See *Dupre v. Chevron U.S.A., Inc.*, 20 F.3d 154, 157–58 (5th Cir.1994); *see also Smith v. Chevron U.S.A., Inc.*, 1999 WL 615174 at *2 (E.D. La. Aug. 12, 1999); *Verdin v. Shell Offshore, Inc., et al.*, 1996 WL 67660 at *3 (E.D. La. Feb. 15, 1996)). In this case, evidence and

testimony shows that Rackmasters disassembled the rack system left-to-right rather than front-to-back because Iron Mountain imposed a last-minute condition that the stairs had to remain in place. Ramos testified that Iron Mountain "instructed us to keep the stairs up…which made us have to go a different route. We usually clear out a building from the front to the back, and so we had to work from the right side of the building to the left just to leave the stairs up for them to be able to go up and down from the other building[]," and that "if we would have worked the way that we usually worked, the columns would never have been there." R. Doc 109 at 15. Iron Mountain's required disassembly method introduced the risk of columns toppling over. Accordingly, there is at least a genuine issue of material fact as to whether Iron Mountain created the condition that caused the accident, and whether it assumed a duty to keep Ramos safe by requiring this change. This renders summary judgment unwarranted.

## V.   CONCLUSION

For the foregoing reasons, Defendant Iron Mountain's Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana, this 17th day of August, 2022.

_____

**UNITED STATES DISTRICT JUDGE**