UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JONATHAN RAMOS | * | CIVIL ACTION NO. 2:19-CV-11202 |
| Plaintiff. | * | SECTION: "F" (4) |
| VERSUS | * | DISTRICT JUDGE: |
| | * | ELDON E. FALLON |
| IRON MOUNTAIN SECURE SHREDDING INC., ET AL. | * | MAGISTRATE JUDGE: |
| | * | KAREN WELLS ROBY |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF MOTION TO STRIKE

**MAY IT PLEASE THE COURT**, Defendant, Iron Mountain Information Management L.L.C. ("Iron Mountain"), respectfully submits this Memorandum in Support of its Motion to Strike.

**I.     BACKGROUND**

On June 15, 2018, Plaintiff, Jonathan Ramos, was injured while working at a business operated by Iron Mountain and located at 6200 Humphreys Street in Harahan, Louisiana. It is undisputed that Mr. Ramos sustained a tibial plateau fracture in his right leg. He had surgery at University Medical Center in New Orleans to correct the fracture. After surgery, Mr. Ramos returned home to California. He treated with Dr. Roland Winter (orthopedist) for follow-up care related to the tibial plateau fracture. Dr. Winter had a total of three office visits with Mr. Ramos between July 2018 and July 2019. Dr. Winter noted that the fracture had excellent healing. Dr. Winter reported that "as far as the knee is concerned, [Ramos] can return to all usual activities without restrictions." Dr. Winters discharged Mr. Ramos from orthopedic care for his knee in 2019. There was no further treatment in 2020, 2021, and all of 2022 – until last week (unbeknownst to defendants).

Plaintiff's counsel contacted counsel for Iron Mountain last week (September 8th) to request a video trial perpetuation deposition of Dr. Winter in lieu of his in-person attendance at trial. Iron Mountain accommodated this request but objected to opinions not disclosed in Dr. Winter's medical reports, especially concerning life care plans or future medical recommendations that were not disclosed in accordance with the court-ordered deadlines.[1] The deposition of Dr. Winter was then set for September 14, 2022. Two hours before the deposition began, Plaintiff's counsel forwarded "exhibits for today – c.v. and clinic notes."[2] Plaintiff's counsel also represented that "Dr. Winter will also display and discuss images, *which I believe you have*." This last statement could not have been less true.

It was discovered during the deposition of Dr. Winter that Plaintiff's counsel had been contacting Dr. Winters several times over the last few months to discuss future medical recommendations for purposes of trial, future medical costs, and other litigation related issues. Dr. Winters did not feel comfortable offering these opinions without first getting updated radiographic imaging and conducting another in-person examination of plaintiff. Plaintiff's counsel therefore coordinated and paid for the updated x-rays and the office visit that Mr. Ramos attended last week (all other treatment in this case had been paid by the worker's compensation intervenor, Markel). None of this new information was disclosed to Iron Mountain before Dr. Winter was deposed. Plaintiff's counsel allowed this deposition to proceed knowing that Iron Mountain would be unprepared to address this undisclosed treatment and new medical recommendations.

During the deposition, Dr. Winters testified for nearly three hours about new clinical findings and new radiographic evidence. Dr. Winter even had the new x-rays available to display to the jury during the deposition. This was not an oversight by Plaintiff's counsel. This was an

---

[1] September 9, 2022, email from Defense counsel to Plaintiff's counsel, attached hereto as Exhibit "A."
[2] September 14, 2022, email from Plaintiff's counsel to Defense counsel, attached hereto as Exhibit "B"

ambush. Plaintiff's counsel had Dr. Winter bring demonstratives to the deposition to show the jury the pieces and parts required to perform a total knee replacement and a revision surgery. Plaintiff's counsel also proffered Dr. Winters as an expert in medical billing so he could proceed to quantify future facility fee costs, instrument costs, anesthesiologist fees, and physician fees for each procedure. By the time the ambush was over, Iron Mountain was staring at a new future damage model that exceeded one hundred and fifty thousand dollars – for the knee alone.

Iron Mountain – regretfully, now – also agreed to the trial perpetuation deposition of Dr. Gary Alegre. Dr. Alegre works at the same orthopedic clinic as Dr. Winter. Dr. Alegre treated Plaintiff in connection with his L4 burst fracture. The last known medical treatment that Mr. Ramos had with Dr. Alegre was in March 2019. Mr. Ramos, at that time, was told by Dr. Alegre to follow-up, if needed. Iron Mountain has no knowledge of follow-up visits or future medical recommendations from Dr. Alegre after March 2019. That deposition is set for 4:00 today (September 15, 2022). Iron Mountain supposes it will be subject to a similar ambush this afternoon.

## II. LAW AND ARGUMENT

### A. Disclosure of Expert Reports

Louisiana federal courts have drawn a distinction between expert reports which supplement original reports and those which create entirely new opinions altogether. The latter, when produced after the court ordered expert report deadline, have been excluded. For example, in *Lampe Berger USA, Inc., v. Scentier, Inc.,* the United States District Court for the Middle District of Louisiana explained, "supplemental expert reports cannot be used to 'fix' problems in initial reports." 2008 WL 3386716, *2 (M.D. La.). In that case, the Middle District struck an expert' report, which was produced after the expert report deadline, when the amended report expanded the projected

damages twentyfold, increasing from approximately $132,000 in the original report to 2.47 million in the revised report. *Id* at 3—4. The court found that the new report contained "new opinions" as opposed to merely clarifying or supplementing previously expressed opinions. *Id.*

The United States District Court for the Western District of Louisiana has also held that "an expert report that contains new opinions based on information available prior to the expiration of the expert report deadline is not supplemental." *Matthews v. Remington Arms Co. Inc.,* 2009 WL 1220541, *2 (W.D. La.).[3] This Court has also acknowledged the distinction, stating that a defendant "is not prejudiced by a supplemental report that merely further explains the expert's initial opinion, rather than changes that opinion," with the clear implication that a subsequent report changing the initial opinion **would** prejudice the defendant *Hockerson-Halberstadt, Inc. v. Saucony, Inc.,* No. CIV.A. 91-1720, 2005 WL 1432376, at *4 (E.D. La. May 27, 2005).

As discussed above in more detail, Dr. Winters originally released Plaintiff to return to work without restrictions on September 24, 2018. Until yesterday, Defendants were not aware of Dr. Winters providing any treatment or updated opinion on Plaintiff since discharging him in July of 2019. Therefore, Dr. Winters' testimony yesterday that Plaintiff will need a total knee replacement and revision surgery and will incur approximately $150,000 in damages for the knee alone, constitutes a wholly new opinion rather than a supplementation of his previously provided opinions. Therefore, these new opinions are untimely and must be excluded. It is anticipated that Dr. Allegre will continue the pattern of ambush by offering wholly new opinions at his deposition today. To the extent that he does so, his new opinions must also be excluded.

To allow any other result would allow a trial by ambush. The trial is set to begin in mere days, leaving Iron Mountain with inadequate time to address and rebut opinions they were first

made aware of four days before trial. Iron Mountain is particularly prejudiced because the new opinions offered stand is such contrast to those that were timely disclosed. The Federal Rules of Civil Procedure and interpreting jurisprudence make clear that newly offered expert opinions disclosed after the deadline must be excluded. It is difficult to imagine a more egregious example of an expert offering a new opinion after the expert deadline, or one more deserving of exclusion.

### III.  CONCLUSION

This matter has been pending in this court for over 3 years. During that time, Defendants have spent extensive time, money, and resources preparing their case for trial. Plaintiff has had years to return to his treating physicians for an updated opinion in order for them to formulate their opinions prior to the June 21, 2022, expert report deadline. Any medical opinions offered after that date, based on medical records not provided to the treating providers, would constitute an ambush on Defendants on the eve of trial. For these reasons, Defendants respectfully request that this Court grant Defendants' Motion to Strike any medical opinions by Dr. Roland Winter and Dr. Gary Allegre that were not provided prior to the June 21, 2022, expert report deadline.

Respectfully Submitted,

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER, WEINSTOCK & BOGART**

*/s/ Ryan M. Malone*

_____
**ANDREW D. WEINSTOCK (#18495)**
**CHRISTIAN B. BOGART (#22954)**
**JOSEPH G. GLASS (#25397)**
**RYAN M. MALONE (#30607)**
**LAURA L. POUSSON (#38871)**
3838 N. Causeway Blvd., Suite 2900
Metairie, Louisiana 70002
andreww@duplass.com
cbogart@duplass.com
jglass@duplass.com

rmalone@duplass.com  
lpousson@duplass.com  
Telephone: (504) 832-3700  
Facsimile: (504) 837-3119  
**Counsel for Defendant, Iron Mountain Information Management LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September, 2022, a copy of the foregoing pleading was filed electronically with the Clerk of Court. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system.

*/s/ Ryan M. Malone*

_____  
**RYAN M. MALONE**